**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JALINSKI ADVISORY GROUP, INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>QUARTERBACK FINANCIAL GROUP LLC,<br><br>　　　　　　Defendant. | Civil Action No. 3:18-cv-00424-N<br><br>**ANSWER TO COUNTERCLAIMS**<br>**AND AFFIRMATIVE DEFENSES** |

Plaintiff and counter-defendant Jalinski Advisory Group, Inc. ("JAG") hereby responds to the allegations in the Counterclaims of defendant and counter-plaintiff Quarterback Financial Group LLC ("Defendant"), dated April 4, 2018 ("Counterclaims"), as follows:

**AS TO "PARTIES"**

1.　　　JAG admits the allegations contained in Paragraph 1 of the Counterclaims.

2.　　　JAG admits the allegations contained in Paragraph 2 of the Counterclaims.

**AS TO "JURISDICTION"**

3.　　　Paragraph 3 of the Counterclaims states a legal conclusion to which no response is required.

4.　　　Paragraph 4 of the Counterclaims states a legal conclusion to which no response is required.

5.　　　Paragraph 5 of the Counterclaims states a legal conclusion to which no response is required, except JAG admits that it commenced this action in this judicial District and that personal jurisdiction exists.

6.　　　JAG admits that venue is proper as claimed in Paragraph 6 of the Counterclaims.

## AS TO "BACKGROUND"

7.      JAG denies the allegations contained in Paragraph 7 of the Counterclaims.

8.      JAG admits the allegations contained in Paragraph 8 of the Counterclaims insofar as JAG's counsel sent a cease and desist letter to Defendant in connection with Defendant's unlawful use of the phrase "Financial Quarterback."

9.      JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Counterclaims.

10.     JAG admits the allegations contained in Paragraph 10 of the Counterclaims insofar as JAG's counsel received a letter from Defendant in connection with JAG's cease and desist letter; however, JAG denies the substance of the contentions in the letter.

11.     JAG denies the allegations contained in paragraph 11 of the Counterclaims.

12.     JAG admits the allegations contained in Paragraph 12 of the Counterclaims.

13.     JAG admits the allegations contained in Paragraph 13 of the Counterclaims.

14.     JAG denies the allegations contained in Paragraph 14 of the Counterclaims, and further refers the Court to the documents referenced in Paragraph 14 for their full content and context.

15.     JAG denies the allegations contained in Paragraph 15 of the Counterclaims.

16.     JAG denies the allegations contained in Paragraph 16 of the Counterclaims, and further refers the Court to the documents referenced in Paragraph 16 for their full content and context.

17.     Paragraph 17 contains a statement to which no response is required, and JAG refers the Court to the documents referenced in Paragraph 17 for their full content and context.

18.     JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Counterclaims, refers the Court to the documents referenced in Paragraphs 16 through 18 for their full content and context, and further denies that any such purported usage of the terms referenced in Paragraphs 16 through 18 was or would have been lawful in respect of JAG's marks and usage of such terms.

19.     JAG denies the allegations contained in Paragraph 19 of the Counterclaims.

20.     JAG denies the allegations contained in Paragraph 20 of the Counterclaims.

21.      JAG admits the allegations contained in Paragraph 21 of the Counterclaims.

## AS TO "COUNT ONE – DECLARATORY JUDGEMENT OF NON-INFRINGEMENT AND NON-DILUTION"

22.     JAG incorporates all preceding paragraphs as if fully set forth herein.

23.     JAG denies the allegations contained in Paragraph 23 of the Counterclaims.

24.     JAG denies the allegations contained in Paragraph 24 of the Counterclaims.

25.     JAG denies the allegations contained in Paragraph 25 of the Counterclaims.

26.     JAG denies the allegations contained in Paragraph 26 of the Counterclaims.

27.     JAG denies the allegations contained in Paragraph 27 of the Counterclaims.

28.     JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Counterclaims.

29.     JAG denies the allegations contained in Paragraph 29 of the Counterclaims.

30.     JAG denies the allegations contained in Paragraph 30 of the Counterclaims.

31.     JAG denies the allegations contained in Paragraph 31 of the Counterclaims.

## AS TO "COUNT TWO – CANCELLATION OF JALINSKI'S TRADEMARK REGISTRATIONS – GENERICISM AND/OR DESCRIPTIVENESS"

32.     JAG incorporates all preceding paragraphs as if fully set forth herein.

33.    JAG denies the allegations contained in Paragraph 33 of the Counterclaims

34.    JAG denies the allegations contained in Paragraph 34 of the Counterclaims.

35.    JAG denies the allegations contained in Paragraph 35 of the Counterclaims.

36.    JAG denies the allegations contained in Paragraph 36 of the Counterclaims.

37.    Paragraph 37 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 37 of the Counterclaims.

38.    JAG denies the allegations contained in paragraph 38 of the Counterclaims.

39.    JAG denies the allegations contained in Paragraph 39 of the Counterclaims.

**AS TO "COUNT THREE – CANCELLATION OF JALINSKI'S TRADEMARK REGISTRATIONS – FRAUD ON THE USPTO"**

40.    JAG incorporates all preceding paragraphs as if fully set forth herein.

41.    JAG admits the allegations contained in Paragraph 41 of the Counterclaims.

42.    JAG admits the allegations contained in Paragraph 42 of the Counterclaims.

43.    JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Counterclaims and further refers the Court to the document referenced in Paragraphs 43 for its full content and context.

44.    JAG denies the allegations contained in Paragraph 44 of the Counterclaims and further refers the Court to the document referenced in Paragraph 44 for its full content and context.

45.    JAG denies the allegations contained in Paragraph 45 of the Counterclaims.

46.    JAG denies the allegations contained in Paragraph 46 of the Counterclaims.

47.    JAG denies the allegations contained in Paragraph 47 of the Counterclaims.

48.     JAG denies the allegations contained in Paragraph 48 of the Counterclaims, except insofar as it admits that the USPTO rescinded its Notice of Acknowledgment under Section 15 for the JAG's mark no. 3,782,665 on June 11, 2015.

49.     JAG admits the allegations contained in Paragraph 49 of the Counterclaims.

50.     JAG denies the allegations contained in Paragraph 50 of the Counterclaims.

## AFFIRMATIVE DEFENSES

In further response to the Counterclaims, JAG asserts the following affirmative defenses. By alleging the defenses set forth below, JAG does not intend to alter the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue. Moreover, JAG pleads all affirmative defenses in the alternative, and they do not constitute an admission of liability or that the Defendant is entitled to any relief whatsoever.  JAG reserves the right to raise additional affirmative defenses as they become known to it through discovery and investigation.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims, and each and every claim for relief therein, fail to allege facts sufficient to state a claim for relief against JAG.

### SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant has not sustained any injury or damage as a result of any act or conduct of JAG and JAG has at all times acted with innocent intent.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred on the grounds of waiver, laches and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's Third Counterclaim is barred on the basis that on September 17, 2017, JAG filed a revised Declaration of Incontestability Under Section 15, which the USPTO acknowledged, on November 25, 2017, as sufficient to meet the requirements of Section 15 of the Trademark Act, 15 U.S.C. § 1065. In so doing, the USPTO acknowledged that the prior unintentionally filed incorrect Declaration of Incontestability was immaterial and inconsequential.

## SIXTH AFFIRMATIVE DEFENSE

JAG's marks are valid and enforceable.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant has infringed on JAG's marks.

## EIGHTH AFFIRMATIVE DEFENSE

JAG's marks have become distinctive and have acquired substantial secondary meaning.

## NINTH AFFIRMATIVE DEFENSE

JAG is the senior user of the marks, having commenced use in commerce in at least 2006.

## JURY TRIAL DEMAND

JAG demands a trial by jury on all issues so triable.

**WHEREFORE**, JAG demands judgment in its favor and against Defendant as follows:

A.      Dismissing the Counterclaims in their entirety with prejudice;

B.      Judgment that Defendant has:

     a.   Willfully infringed JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1114 of Title 15 in the United States Code;

b. Willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

c. Willfully diluted JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1125(c) of Title 15 in the United States Code;

d. Willfully infringed JAG's "Financial Quarterback Trademark" and engaged in unfair competition in violation of the common law of Texas;

e. Willfully diluted JAG's "Financial Quarterback Trademark" in violation of Tex. Bus. & Com. Code Ann. § 16.103.

C.     An injunction prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of JAG's "Financial Quarterback Trademark", including at least from selling, offering to sell, distributing or advertising goods and/or services using JAG's "Financial Quarterback Trademark."

D.     An order directing the destruction of all advertising materials related to goods and/or services marketed using Defendant's "Financial Quarterback Trademark," including on the Internet;

E.     An award of Defendant's non-duplicative profits, JAG's actual damages, enhanced profits and damages, treble damages, punitive damages, and costs and reasonable attorneys' fees for Defendant's trademark infringements and dilution, and acts of unfair competition and unfair business practices; and

F.     Such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 25, 2018

**BARTON LLP**

By: __ /s/ Maurice N. Ross_____
      Maurice N. Ross

*Admitted Pro Hac Vice*
420 Lexington Avenue, 18th Floor
New York, New York 10170
(212) 687-6262
mross@bartonesq.com

**MOSES, PALMER & HOWELL, L.L.P.**

_____/s/ Shayne D. Moses _____
Shayne D. Moses

Shayne D. Moses
State Bar No. 14578980
David A. Palmer
State Bar No. 00794416
309 W. 7th Street, Suite 815
Fort Worth, Texas 76102
(817) 255-9100
(817) 255-9199 (Fax)
smoses@mph-law.com
dpalmer@mph-law.com

*Attorneys for Plaintiff*
*Jalinski Advisory Group, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

       I certify that on the 25th day of April, 2018, I caused to be electronically filed the foregoing Answer to Counterclaims of plaintiff and counterclaim defendant Jalinski Advisory Group, Inc. with the Clerk of the District Court using the CM/ECF system, which sent electronic notification of such filing to the following registered users:

           S. Wallace Dunwoody, Esq.
           Amanda K. Greenspon, Esq.
           Chase A. Cobern, Esq.

**MUNCK WILSON MANDALA LLP**
12770 Coit Road
Dallas, Texas 75251
(972) 628-3600
(972) 628-3616 (Fax)
wdunwoody@munckwilson.com
agreenspon@munckwilson.com
ccobern@munckwilson.com

Dated: April 25, 2018                /s/ Maurice N. Ross
                                        BARTON LLP
                                        420 Lexington Avenue, 18th Floor
                                        New York, New York 10170
                                        (212) 687-6262
                                        mross@bartonesq.com

                                        *Attorneys for Plaintiff*
                                        *Jalinski Advisory Group, Inc.*